UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HECTOR DOMINGUEZ GABRIEL,<br>Petitioner,<br><br>v.<br><br>STEPHEN SPAULDING,<br>Respondent. | CIVIL ACTION<br>NO. 19-12060-DHH |

## REPORT AND RECOMMENDATION

**February 16, 2021**

Hennessy, M.J.

Proceeding pro se, Petitioner Hector Dominguez Gabriel has filed a petition for writ of habeas corpus (the "petition") pursuant to 28 U.S.C. § 2241. Respondent Stephen Spaulding has filed a motion to dismiss on the basis that the Petitioner is no longer housed within the District of Massachusetts. (Docket #17).

To determine whether this court has jurisdiction over this matter, the court must address two issues: (1) who is the proper respondent and (2) does this court have jurisdiction over him or her. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. "This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." Padilla, 542 U.S. at 435. "These provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may

be liberated if no sufficient reason is shown to the contrary." Id. (quoting Wales v. Whitney, 114 U.S. 564, 574 (1885)) (alterations omitted) (emphasis in the original). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement – "core challenges" – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. Id. Petitioner is currently incarcerated at the North Lake Correctional Institution in Baldwin, Michigan. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/locations/ci/nlk/.

Pursuant to 28 U.S.C. § 2241, [w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. 28 U.S.C. § 2241(a). This means "nothing more than that the court issuing the writ have jurisdiction over the custodian." Padilla, 542 U.S. at 442 (quoting Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 495 (1973)). The custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court." Id. at 435. Thus, jurisdiction over this petition only lies in the District of Massachusetts if the Court has jurisdiction over the custodian at North Lake Correctional Institution. However, the "general rule" is that "for core habeas petitions challenging present physical confinement," such as Petitioner's, "jurisdiction lies in only one district: the district of confinement." Id. at 443. Because the District of Massachusetts is not the district of Petitioner's confinement, jurisdiction is lacking.

Instead of dismissing the petition, the undersigned hereby recommends transferring the case to the appropriate United States District Court. See 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]").

CONCLUSION

As Petitioner has not consented to my jurisdiction, I hereby direct the Clerk to reassign this matter to a district judge.  For the foregoing reasons, I hereby RECOMMEND that the Motion to Dismiss (Docket #17) be DENIED and that the action be TRANSFERRED to the United States District Court for the Western District of Michigan.[1]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).